UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY L. REESE, | ) | Case No.: 1:20 CV 1320 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) ) | |
| | ) | |
| Defendant | ) | <u>ORDER</u> |

The Commissioner of Social Security Administration ("Commissioner") denied disability benefits to Plaintiff Kimberly L. Reese ("Claimant"), in the above-captioned case. Plaintiff sought judicial review of the Commissioner's decision, and this court referred the case to Magistrate Judge Darrell A. Clay ("Magistrate Judge" or "Judge Clay") for preparation of a Report and Recommendation (the "R & R"). Both parties submitted briefs on the merits. (ECF Nos. 14, 16.) Plaintiff requested an order vacating the Commissioner's decision and remanding the case on the grounds that the Administrative Law Judge's ("ALJ") residual functioning capacity ("RFC") determination was not supported by substantial evidence because the ALJ failed to properly consider the impact of Plaintiff's symptoms and medication side effects on her ability to perform work. (Pl.'s Br. at PageID #1155, ECF No. 14.) The Commissioner sought final judgment upholding the decision below. (Def.'s Br., ECF No. 16.)

Judge Clay submitted a R & R (ECF No. 17) on September 28, 2021, recommending that the court affirm the Commissioner's decision. The R & R explains that "[t]he ALJ's residual functional

capacity assessment adequately considered Ms. Reese's alleged impairments, symptoms, and side-effects, and the extent to which they are consistent with the objective medical evidence." (R & R at PageID #1191, ECF No. 17.) Further, Judge Clay noted that "the ALJ listed the medication side-effects to which Ms. Reese subscribed but ultimately determined that Ms. Reese's statements were not entirely consistent with the medical evidence and other evidence in the record." (*Id*. at PageID #1190.) In discussing the medical evidence in the record, Judge Clay also found that "[t]he ALJ considered Ms. Reese's medical records, which largely reflect unremarkable physical examinations and few changes to, or complaints about, her medications." (*Id*.) Consequently, after determining that the ALJ properly considered Plaintiff's alleged impairments, symptoms, and side-effects when crafting her RFC, the Magistrate Judge determined that "the ALJ's written decision finding Ms. Reese can perform work at the light exertional level with additional limitations is supported by substantial evidence." (*Id*. at PageID #1191.)

Objections to the R & R were due by October 12, 2021, but neither party submitted any. When no objection has been filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note; *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

After careful review of Judge Clay's R & R, and all other relevant documents in the record, the court finds no clear error. Accordingly, the court adopts as its own Judge Clay's R & R (ECF No. 17). The court hereby affirms the Commissioners final decision.

    IT IS SO ORDERED.

                                            /s/ *SOLOMON OLIVER, JR.*
                                            UNITED STATES DISTRICT JUDGE

November 30, 2021